# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 20-CR-157

NEIL A. FRANK,

    Defendant.

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTIONS TO DISMISS

On September 9, 2020, a grand jury sitting in the Eastern District of Wisconsin returned a four-count indictment against Neil A. Frank. *See* ECF No. 1. Count One charges Frank with using a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce an individual who had not yet attained the age of 18 years to engage in unlawful sexual contact and sexual intercourse, in violation of 18 U.S.C. § 2422(b). *Id.* at 1. Count Two charges Frank with using a facility and means of interstate and foreign commerce to knowingly attempt to transfer obscene material to an individual whom he knew had not attained the age of 16 years, in violation of 18 U.S.C. § 1470. *Id.* at 2. Counts Three and Four charge Frank, an individual who has a prior conviction for attempted possession of child pornography in the State of Wisconsin, and who is required by law to register as a sex offender, with committing the offenses charged in Counts One and Two, respectively, in violation of 18 U.S.C. §§ 2260A and 3559(e). *Id.* at 3–4.

Frank was arraigned on the charges and entered a plea of not guilty. *See* ECF No. 3. The matter is assigned to U.S. District Judge William C. Griesbach for trial and to me for

resolving pretrial motions. *See* 28 U.S.C. § 636; Fed. R. Crim. P. 59; E.D. Wis. Gen. L. R. 72. The trial date has been adjourned. *See* ECF No. 11.

Frank has moved to dismiss Counts Three and Four—violations of 18 U.S.C. §§ 2260A and 3559(e)—for three different reasons. *See* ECF Nos. 16, 21. *First*, he argues that the indictment is defective because § 2260A is not on the list of statutes found in § 3559(e), which mandates a life sentence for certain qualifying defendants and qualifying crimes. *See* ECF No. 17 at 2–3. Frank is correct "that § 2260A is not among the statutes the violation of which results in a mandatory life sentence for persons with a prior sex crime conviction under § 3559(e)." *United States v. Wickersham*, Case No. 18-CR-173, 2019 WL 79434 at *1 (E.D. Wis. Jan. 2, 2019) (Griesbach, J.); *see* § 3559(e)(2)(A). The government concedes this point but maintains that dismissal of Counts Three and Four is not required because the reference to § 3559(e) in those counts was merely a citation error. *See* ECF No. 23 at 1. In other words, "the government does not believe and did not intend to assert that the defendant faces a mandatory life sentence if convicted of those counts." *Id.*

I agree that the mistaken reference to § 3559(e) does not require dismissal of Counts Three and Four. According to Fed. R. Crim. P. 7(c)(2), an error in a citation is grounds for dismissing an indictment only if "the defendant was misled and thereby prejudiced." Here, Frank does not claim to have been prejudiced by the government's citation error. Nor could he. When explaining the maximum penalties at Frank's arraignment, the government did not mention life in prison as a possibility for convictions on Count Three or Count Four. *See* ECF No. 3. And, even if it were unclear then, the government now has resolved any lingering ambiguity: if convicted of Count Three or Count Four, Frank will not face a mandatory life sentence for that conviction.

2

*Next*, Frank argues that Counts Three and Four should be dismissed because § 2260A is a penalty enhancement, not a separate criminal offense. As such, it cannot be charged as an independent count in the indictment. Section 2260A provides as follows:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

18 U.S.C. § 2260A.

The government acknowledges that District Judge Griesbach—the trial judge here—has previously agreed with the defendant's argument, ruling that § 2260A "is a penalty enhancement provision," from which it "follows that it is improper to allege a violation of § 2260A as a separate crime." *Wickersham*, 2019 WL 79434, at *1. Nevertheless, the government cites a more recent case from the Fourth Circuit as grounds for revisiting the question.

In the Fourth Circuit case, Brady Leon Beck was sentenced to ten years' imprisonment following his conviction for "committing a felony offense involving a minor . . . while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A." *See United States v. Beck*, 957 F.3d 440, 443 (4th Cir. 2020). The underlying felony offense, producing child pornography, was dismissed as part of a plea agreement. *See id.* On appeal, Beck argued that his conviction and sentence under § 2260A were invalid because § 2260A is merely "a sentence enhancement for defendants convicted of one of its enumerated predicate felonies." In other words, he argued that § 2260A is not a separate criminal offense that can sustain any conviction in its own right. *Id.* at 445.

3

The Fourth Circuit disagreed with Beck's statutory interpretation and affirmed his conviction and sentence. *Beck*, 957 F.3d at 443. In reaching this conclusion, the court of appeals explained the difference between a sentence enhancement and an offense. A sentence enhancement "may include only two elements: a conviction in the instant case for an underlying offense (a 'predicate offense'), and the fact of one or more prior convictions." *Id.* at 446. "If a provision includes any other elements related to the instant underlying offense, it can't be an enhancement." *Id.* (citing *Alleyne v. United States*, 570 U.S. 99, 115 (2013)). Applying this rule, the Fourth Circuit determined that § 2260A is an offense, not a sentence enhancement, because it contains *three* elements: (1) the defendant was required to register as a sex offender; (2) the defendant committed one of the sixteen offenses enumerated in the statute; and (3) the offense the defendant committed involved a minor. *Id.* at 447–48. The court respectfully disagreed with Judge Griesbach's decision in *Wickersham*, noting that Judge Griesbach "didn't acknowledge that § 2260A includes as an element a minor's involvement in the predicate offense." *Id.* at 450.

Frank does not mention *Beck* (or, surprisingly, *Wickersham*, for that matter) or make any attempt to explain why this court should follow *Wickersham;* nor does he suggest any reason why the Seventh Circuit would see things differently than the Fourth Circuit. *See generally* ECF Nos. 17, 24. Indeed, Frank's argument is limited to a single thirteen-word sentence: "Sentence 2260A is a penalty enhancement, and does not create a separate crime." *See* ECF No. 17 at 3. Although § 2260A could have been written more clearly—it is confusingly entitled "Penalties for registered sex offenders" and provides that a defendant's mandatory ten-year sentence will be "in addition to" the sentence imposed for the underling predicate offense—I agree with the Fourth Circuit's reasoning in *Beck*: the statute is a separate

4

criminal offense, not a sentence enhancement. As the Supreme Court has held, "when a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury." *Alleyne,* 570 U.S. at 114-15. Collecting cases, another district court has found that "[t]he weight of authority supports indictment of a defendant for allegedly violating § 2260A as a separate count. In fact, some courts consider it a violation of a defendant's constitutional rights if the penalty for violating § 2260A is imposed by the court without submitting the issue of whether the defendant violated § 2260A to the jury." *United States v. Never Misses A Shot*, No. CR 13-30013-RAL, 2013 WL 3872837, at *3 (D.S.D. July 25, 2013).[1] For these reasons, I recommend that the defendant's penalty-enhancement argument be rejected.

*Finally*, Frank argues that Counts Three and Four should be dismissed because the ten-year mandatory minimum provision of § 2422(b), when joined with the consecutive ten-year mandatory sentence required by § 2260A, violates the Eighth Amendment's prohibition against cruel and unusual punishment "on its face and as applied." *See* ECF No. 22. Specifically, he contends that the minimum mandatory twenty-year sentence that would be required if he's convicted of Counts One and Three (or Counts Two and Four) would be grossly disproportionate to the severity of his alleged offense, which involved him allegedly engaging in a conversation with and sending a sexually explicit photograph of his genitals to an undercover law enforcement officer who was posing as a fifteen-year-old girl. *See id.* at 2, 4. The government maintains that the combined penalties of § 2422(b) and § 2260A are not unconstitutional. *See* ECF No. 23 at 2–4.

---

[1] Based on the court's discussion in *Wickersham,* it seems unlikely that any of these cases were presented to the district court for consideration.

As Frank tacitly acknowledges in his motion, his as-applied challenge is premature because he has not yet pled guilty to, let alone been sentenced for, violating § 2422(b) and § 2260A; thus, I will address only his facial challenge to the potential statutory penalties he faces. *See United States v. Nagel*, Case No. 07-CR-212, 2007 WL 9760878, at *2 n.2 (E.D. Wis., November 13, 2007) (citing *Tobin v. City of Peoria, Ill.*, 939 F. Supp. 628 (C.D. Ill. 1996)).

While the Seventh Circuit has already held that the mandatory ten-year minimum sentence for a conviction under § 2422(b) does not violate the Eighth Amendment, *see United States v. Nagel*, 559 F.3d 756, 762 (7th Cir. 2009), it appears that the court has not yet addressed whether such a sentence constitutes cruel and unusual punishment when combined with a mandatory, consecutive ten-year sentence under § 2260A. The government asserts that other courts of appeal have determined that there is no constitutional violation in applying the mandatory sentences required by these statutes in combination. *See* ECF No. 23 at 3. However, the cases the government relies upon—*United States v. Carver*, 422 F. App'x 796 (11th Cir. 2011) and *United States v. Walizer*, 600 F. App'x 546 (9th Cir. 2015)—ruled only that a sentence under § 2260A does not violate the Eighth Amendment; neither case considered the *combined* effects of convictions under § 2260A *and* § 2422(b). Frank and the government do not cite any other caselaw addressing this issue, and I have not located any cases involving a facial challenge to the combined penalties of § 2422(b) and § 2260A. Thus, it appears I am writing on a blank slate.

Resolution of the question is not difficult, however. "The Supreme Court has recognized that, '[t]he Eighth Amendment . . . contains a narrow proportionality principle that applies to noncapital sentences.'" *Nagel*, 559 F.3d at 762 (quoting *Ewing v. California*, 538 U.S. 11, 20 (2003)). That is, "[t]he Eighth Amendment's Cruel and Unusual Punishment

6

Clause prohibits sentences that are grossly disproportionate to the crime committed." *Nagel*, 559 F.3d at 762 (citing *Solem v. Helm*, 463 U.S. 277, 284 (1983)). The Supreme Court has identified three factors for courts to consider when determining whether a sentence is so disproportionate to the crime committed that the sentence violates the Eighth Amendment: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Nagel*, 559 F.3d at 762 (citing *Solem*, 463 U.S. at 292).

The first factor acts as a gateway, whereby I must "ascertain whether [the defendant's] case is 'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" *Nagel*, 559 F.3d at 762–63 (quoting *United States v. Gross*, 437 F.3d 691, 692–93 (7th Cir. 2006)). "Absent such an inference, [I] need not conduct any comparative analysis within and between jurisdictions." *Nagel*, 559 F.3d at 763 (citing *Gross*, 437 F.3d at 693). The Seventh Circuit has observed that "proportionality challenges to noncapital sentences have been exceedingly rare." *Nagel*, 559 F.3d at 763 (citing *Ewing*, 538 U.S. at 21).

"Accordingly, the burden is on the defendant to show that his sentence is grossly disproportionate to the crime committed." *United States v. Waterson*, 749 F. App'x 823, 826 (11th Cir. 2018) (citing *United States v. McGarity*, 669 F.3d 1218, 1255 (11th Cir. 2012)). "[T]o mount a successful facial attack, 'the challenger must establish that no set of circumstances exists under which the [statute] would be valid.'" *Nagel*, 559 F.3d at 764 (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *Waterson*, 749 F. App'x at 826 (citing *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006)).

7

Nevertheless, in *Rummel v. Estelle*, 445 U.S. 263 (1980), the Supreme Court "recognized the theoretical possibility of finding a statute facially disproportionate in violation of the Eighth Amendment." *Nagel*, 559 F.3d at 764. The Court noted that "a proportionality principle [may] come into play in the extreme example mentioned by the dissent, . . . if a legislature made overtime parking a felony punishable by life imprisonment." *Rummel*, 445 U.S. at 274 n. 11.

Applying these principles, I find that the ten-year mandatory minimum sentence required under § 2422(b) does not lead to an inference of gross disproportionality when combined with the consecutive ten-year mandatory sentence required under § 2260A. For one, the twenty-year mandatory minimum sentence Frank faces for attempted sexual enticement of a minor (Count One) or attempted transfer of obscene material to a minor under sixteen years of age (Count Two) "does not approach the theoretical possibility mentioned in *Rummel*." *Nagel*, 559 F.3d at 765. In other words, such sentences are a far cry from the Court's example of a defendant who receives a life sentence for a mere parking infraction. Moreover, the combined prospective sentences are not grossly disproportionate to the offenses Frank allegedly committed. The indictment alleges that Frank, who was required to register as a sex offender as a result of a prior conviction for attempted possession of child pornography, attempted to entice a minor into engaging in sexual contact and sexual intercourse and attempted to send that same minor a picture of his genitals. By Frank's own admission, his alleged behavior wasn't limited to sexually explicit communications; he arranged to meet with a girl who purported to be fifteen years old and he later showed up at the predetermined meet location. *See* ECF No. 22 at 2. Congress's determination that this type of behavior warrants a lengthy prison sentence is not objectively unreasonable.

Frank's arguments to the contrary are unavailing. He suggests that the punishments don't fit the crime because the fifteen-year-old girl was really an undercover law enforcement agent. *See* ECF No. 22 at 4. The Seventh Circuit, however, has already rejected what it called the "no actual minor victim argument," finding that § 2422(b) "does not require an actual minor victim but, rather, only that the defendant believed the victim was a minor." *Nagel*, 559 F.3d at 764 (citations omitted). Frank also asserts that he is being "doubly punished" solely based on "his status as a registered sex offender and not because he has engaged in any other conduct." *See* ECF No. 22 at 4. But that's not accurate. If convicted of Counts One and Three (or Counts Two and Four), his sentence will be enhanced based on his status as a registered sex offender *and* his commission of another felony that involved a minor.

Because I have determined that Frank's case does not lead to an inference of gross disproportionality, I do not need to conduct any comparative analysis of sentences within and between jurisdictions. *See Nagel*, 559 F.3d at 765 (citing *Gross*, 437 F.3d at 694).

**NOW, THEREFORE, IT IS HEREBY RECOMMENDED** that Defendant's motions to dismiss, ECF Nos. 16 & 21, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Crim. P. 59(b), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this Recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the district judge in writing.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2020.

                                            **BY THE COURT:**

                                            _____
                                            STEPHEN C. DRIES
                                            United States Magistrate Judge

10

Case 1:20-cr-00157-WCG    Filed 12/08/20    Page 10 of 10    Document 27