UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

      v.                                    Case No. 20-CR-157

NEIL A. FRANK,

        Defendant.

**ORDER DENYING MOTIONS TO DISMISS AND OVERRULING OBJECTION**

    Defendant Neil A. Frank is charged in a four-count indictment. In count one, Frank is charged with using a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce an individual who had not yet attained the age of 18 years to engage in unlawful sexual contact and sexual intercourse, in violation of 18 U.S.C. § 2422(b). Count two charges him with using a facility and means of interstate and foreign commerce to knowingly attempt to transfer obscene material to an individual whom he knew had not attained the age of 16 years, in violation of 18 U.S.C. § 1470. Counts three and four charge Frank, an individual who has a prior conviction for attempted possession of child pornography in the State of Wisconsin and who is required by law to register as a sex offender, with committing the offenses charged in counts one and two, respectively, in violation of 18 U.S.C. §§ 2260A and 3559(e).

    As is the practice in this district, the case was referred to the assigned magistrate judge for pretrial proceedings. Frank filed two motions to dismiss counts three and four of the indictment, the first on the grounds that the indictment mistakenly referenced 18 U.S.C. § 3559(e), which mandates a life term, and because the alleged violations of § 2260A were merely sentencing

enhancements of counts one and two. In his second motion to dismiss, Frank argued that the consecutive 10-year sentences § 2260A mandated amounted to cruel and unusual punishment in violation of the Eighth Amendment. Alternatively, in the event the motions to dismiss were not granted, Frank moved to sever counts one and two from counts three and four on the ground that trying them together would be unduly prejudicial. Magistrate Judge Stephen C. Dries issued a report and recommendation that Frank's motions to dismiss be denied and an order denying Frank's motion to sever. Frank filed objections to both rulings. Having considered Magistrate Judge Dries' well-reasoned report and recommendation and order, the Court hereby adopts them in full.

I agree fully with Magistrate Judge Dries that the mistaken reference to § 3559(e) is merely a citation error that does not constitute grounds for dismissal. *See* Fed. R. Crim. P. 7(c)(2). And although I previously held in *United States v. Wickersham*, No. 18-CR-173, 2019 WL 79434 (E.D. Wis. Jan. 2, 2019), that § 2660A was only a penalty enhancement and did not create a separate offense, I agree with Magistrate Judge Dries that my previous ruling was in error. As the Fourth Circuit explained in *United States v. Beck*, 957 F.3d 440, 443 (4th Cir. 2020), unlike a sentence enhancement, an offense under § 2260A requires proof of three separate elements. Frank's remaining argument that the penalties mandated by §§ 2244(b) and 2260A constitute cruel and unusual punishment are thoroughly addressed by Magistrate Judge Dries in his report and recommendation, and I have nothing to add. The same is true of Frank's argument for severance of counts one and two from counts three and four. I adopt Magistrate Judge Dries' explanation for why the motion should be denied.

Accordingly, and for the reasons set forth, Frank's motions to dismiss (Dkt. Nos. 16 and 21) are denied and his objection to the magistrate judge's order denying his motion to sever is overruled.

**SO ORDERED** at Green Bay, Wisconsin this 20th day of January, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge